DAVID T. PROSSER, J.
¶ 41. {dissenting). This is the fifth time Attorney Tim Osicka has been prosecuted by the Office of Lawyer Regulation (OLR). This fact permits the majority to proclaim that Attorney Osicka "has been the subject of professional discipline on multiple prior occasions," Majority op., ¶ 4, implying that Attorney Osicka is a truly bad actor.
¶ 42. There is more to the story.
¶ 43. The present complaint was filed on February 13, 2013, almost a year and a half after OLR learned in September 2011 that Attorney Osicka had closed his law office. Attorney Osicka formally terminated his practice in June 2011 after his suspension for a continuing legal education (CLE) violation. OLR nonetheless succeeded in getting Attorney Osicka "temporarily" suspended on different grounds eight months after his practice had closed. A year later it filed this complaint.
*692 ¶ 44. This fifth prosecution is based on events that occurred in the summer and fall of 2011. OLR knew about and monitored these events. But when OLR filed its fourth complaint against Attorney Osicka on January 11, 2012, it did not include the events from 2011 in its fourth complaint. OLR has not explained its reasons. However, filing a fifth complaint instead of incorporating the 2011 events into the fourth complaint, enabled OLR to ask for another 60-day suspension, which it justified as "progressive discipline." It also required the appointment of another referee and leads now to the assessment against Attorney Osicka of more than $1,000 in additional costs.
¶ 45. Attorney Osicka gave up resistance to this complaint in July 2013 by signing a stipulation. The referee filed his report in late August 2013. OLR filed a statement of costs on September 12, 2013, but it never moved to lift Attorney Osicka's "temporary" suspension. In sum, OLR sought a 60-day suspension, even though Attorney Osicka had been suspended for a CLE violation since June 6, 2011, and had closed his practice. He has been "temporarily" suspended for one of the grounds in this complaint since February 23, 2012. He has now been suspended on this count for more than two years.
¶ 46. This writer is not the only person to comment on the fifth complaint. Former Oneida County Circuit Judge Robert E. Kinney, the referee, observed that,
It is unclear why the matters involving the respondent resulted in the filing of two separate cases. ... [T]he OLR had knowledge of all the violations at least several months before January 11, 2012 when the earlier complaint was filed.. .. The counts in the present Complaint could have been filed with the other *693 counts in 2012AP60-D, and, from the point of view of judicial (or referee) expedition and cost-saving, should have been so filed. If the OLR wished to delay for a few weeks the filing of the earlier Complaint to tie up loose ends on the more recent charges, fine. The point is, there should have been only one Complaint. Furthermore, had the three counts of the present Complaint been joined with the earlier charges, it is doubtful that more than a 60 [-day suspension] would have been sought on all the charges.
¶ 47. In this case, Attorney Osicka is charged with engaging in the practice of law while his license was suspended for failing to satisfy, or failing to report the satisfaction of, CLE requirements. After his suspension, Attorney Osicka submitted a letter brief on behalf of a client in a divorce case. He first entered an appearance in that case on May 26, 2011 — before the suspension— and was ordered that day to file a brief by June 16.
¶ 48. On June 6, 2011, he was suspended for his CLE violation. Attorney Osicka erred in continuing to practice after this suspension. I would feel more strongly about this count if the attorney showed indifference to the client's interest or if the evidence of consistent OLR prosecution in similar situations were clear.
¶ 49. The second count builds on the first— failure to provide notice of his suspension to all clients and courts in each pending matter, failure to notify adverse counsel, and failure to submit an affidavit to the OLR director that these steps had been taken. Keeping in mind that Attorney Osicka closed his law practice in the same month as his CLE suspension, there is no evidence in the complaint or in the referee's findings of how many persons other than the people involved in Count 1 were affected by the violations in *694 Count 2. Part of Count 2, "engaging in the practice of law while his license to practice [ ] law was suspended," is essentially the same as Count 1. Compare the cited SCR sections: "A lawyer shall not engage in the practice of law in Wisconsin while his .. . state bar membership is suspended" (SCR 31.10(1)) [Count 1], with "An attorney . .. who is suspended from the practice of law may not engage in this state in the practice of law" (SCR 22.26(2)) [Count 2].
¶ 50. Count 3 is "failing to provide relevant information to OLR in a timely fashion" and "failing to answer questions fully or otherwise provide information requested by OLR," all of which occurred after Attorney Osicka closed his practice.
¶ 51. OLR moved to "temporarily" suspend Attorney Osicka's license because of the conduct in Count 3. Two years of "temporary" suspension later, he is suspended for an additional 60 days, albeit concurrently with the additional 60 days in the fourth complaint, based in part on this count.
¶ 52. Looking at this case, it is obvious that only criminals are entitled to "sentence credit."
¶ 53. The court's opinion in this fifth prosecution, like its opinion in the fourth prosecution, is one-sided. The court portrays itself as fair and reasonable by making Attorney Osicka's 60-day suspension here concurrent with his 60-day suspension in the fourth case. If the court were seriously interested in being equitable, however, it would make the effective date of this suspension retroactive to February 13, 2013, and eliminate the costs in this case.
*695 ¶ 54. For the reasons stated herein and more fully stated in my dissent in the fourth case,[1] OLR v. Tim Osicka, 2014 WI 33, 353 Wis. 2d 656, 847 N.W.2d 343,1 respectfully dissent.

 For the record, my dissent in the fourth case was circulated to the members of the court in April 2013.