# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2015AP284-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Thor Templin, Attorney at Law: <br><br> Office of Lawyer Regulation, <br>          Complainant, <br>      v. <br> Thor Templin, <br>          Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST TEMPLIN

| | |
|---|---|
| OPINION FILED: | March 29, 2016 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | ABRAHAMSON, J. |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2015AP284-D

STATE OF WISCONSIN : IN SUPREME COURT

In the Matter of Disciplinary Proceedings
Against Thor Templin, Attorney at Law:

Office of Lawyer Regulation,

      Complainant,

   v.

Thor Templin,

      Respondent.

**FILED**

**MAR 29, 2016**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. We review the report and recommendation of Referee Hannah C. Dugan that the license of Attorney Thor Templin be suspended for a period of six months for professional misconduct and that he pay the full costs of this proceeding, which are $7,564.50 as of October 19, 2015. The referee also recommends that Attorney Templin be required to make restitution totaling $500 to two clients and that he be required to complete six hours of continuing legal education (CLE), concentrating on

civil procedure and/or appellate practice and approved by the Office of Lawyer Regulation (OLR), as a precondition to reinstatement.

¶2 Upon careful review of the matter, we adopt the referee's findings of fact and conclusions of law. We agree that a six-month suspension of Attorney Templin's license is an appropriate sanction for his misconduct. We also conclude that the full costs of the proceeding should be assessed against him, and we also agree that he should be required to make restitution totaling $500 to two clients and that he should be required to complete six hours of CLE.

¶3 Attorney Templin was admitted to practice law in Wisconsin in 2008 and practices in Milwaukee. His disciplinary history consists of a consensual private reprimand for failing to act diligently and failing to communicate appropriately in a client matter, and for failing to return files. Private Reprimand 2011-04.

¶4 On February 12, 2015, the OLR filed a complaint alleging that Attorney Templin committed 12 counts of misconduct involving four clients.

¶5 Attorney Templin filed an answer to the complaint on March 13, 2015. Referee Dugan was appointed on March 31, 2015. On July 2, 2015, the parties sent the referee a stipulation that included a withdrawal of Attorney Templin's answer and his plea of no contest to all counts of misconduct. The parties sent the referee an amended stipulation on July 6, 2015. The amended stipulation provided that the referee could use the factual

allegations of the complaint as an adequate basis in the record for a determination of misconduct as to all 12 counts.

¶6 The parties jointly recommended that the referee determine that a recommended sanction in the matter be a four-month suspension of Attorney Templin's Wisconsin law license. The parties further stipulated that Attorney Templin should be required to make restitution to two clients in the total amount of $500 and that he be required to complete six hours of CLE concentrating on civil procedure and/or appellate practice, with the coursework to be approved by the OLR, as a precondition to his reinstatement. Attorney Templin represented that he fully understands the misconduct allegations; that he fully understands his right to contest the matter; that he fully understands the ramifications of his entry into the stipulation; that he fully understands that he has the right to counsel and has chosen to represent himself; and that his entry into the stipulation is made knowingly and voluntarily and is not the product of plea-bargaining.

¶7 The referee issued her report and recommendation on September 29, 2015. The referee found that the OLR had met its burden of proof with respect to all counts of misconduct alleged in the complaint.

¶8 Counts 1-5 of the OLR's complaint arose out of Attorney Templin's representation of J.S. J.S. was divorced from M.S. in July 2008. Attorney Templin commenced his representation of J.S. in December 2008. In August 2011, approximately three years after the divorce judgment, Attorney

3

Templin filed a notice of motion and motion for relief from the judgment of divorce or, in the alternative, to set aside the judgment of divorce for fraud on the court. Attorney Templin's motion challenged M.S.'s financial disclosures.

¶9 On October 10, 2011, M.S.'s attorney sent a letter to Attorney Templin, which included a motion for sanctions requesting that Attorney Templin withdraw his frivolous pleadings. The motion was based on legal grounds that included Wis. Stat. § 806.07, requiring a motion for relief from judgment to be filed within one year of the judgment.

¶10 On October 25, 2011, Attorney Templin filed an amended notice of motion and motion for relief from the judgment of divorce or to set aside the judgment of divorce for fraud on the court or, in the alternative, to create a trust under Wis. Stat. § 767.125(5). On November 1, 2011, a hearing was held before Calumet County Family Court Commissioner James Fitzgerald. The court commissioner determined that Attorney Templin's motion was not timely filed; that at least one of Attorney Templin's arguments involved "great leaps of reasoning that did not make sense;" and that there was no basis in fact for most of the allegations made by J.S. and that such allegations were frivolous. Accordingly, Attorney Templin's amended motion was dismissed with prejudice.

¶11 Attorney Templin filed a request for a de novo hearing. A hearing was conducted before Judge Wilber Warren III on March 27, 2012. Judge Warren issued a decision in August 2012 denying the motion to reopen the judgment and also denying

4

the imposition of a constructive trust. Judge Warren found the claims for relief to be frivolous. In a September 10, 2012 order, Judge Warren ordered J.S. and/or Attorney Templin to pay $6,526.22 in attorneys fees to M.S.

¶12 J.S. filed a Chapter 7 bankruptcy petition in April 2014, attempting to discharge the "attorneys fees" sanction. Attorney Templin's firm represented J.S. M.S.'s new attorney advised that the attorneys fees obligation was not a dischargeable debt under bankruptcy laws.

¶13 M.S. filed a grievance against Attorney Templin with the OLR. Attorney Templin repeatedly failed to respond to the OLR's requests for a response to the grievance. Attorney Templin did finally respond on September 12, 2013.

¶14 The OLR's complaint alleged the following counts of misconduct with respect to Attorney Templin's representation of J.S.:

> [Count 1] By filing a motion (and amended motion) for relief from a divorce judgment years after the applicable time limits had passed and advancing arguments devoid of factual or legal support, Templin violated SCR 20:1.1.[1]
>
> [Count 2] By knowingly filing a motion (and amended motion) for relief from a divorce judgment years after the applicable time limits had passed and advancing arguments unwarranted under existing law, with no good faith argument existing for an extension,

---

[1] SCR 20:1.1 provides that "[a] lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

modification, or reversal of existing law, Templin violated SCR 20:3.1(a)(1).[2]

[Count 3]   By filing a motion (and amended motion) for relief from a divorce judgment years after the applicable time limits had passed and advancing arguments devoid of factual or legal support, by later filing a bankruptcy action on behalf of the client seeking to discharge his own sanction obligations imposed by the trial court, and by filing the bankruptcy action one day prior to a scheduling hearing on a Contempt/Show Cause proceeding on the underlying sanction order, Templin took multiple actions on behalf of his client when he knew or when it was obvious that such action would serve merely to harass or maliciously injure another, in violation of SCR 20:3.1(a)(3).[3]

[Count 4]   By failing to comply with the September 10, 2012 trial court sanction order requiring Templin and his client (jointly and severally) to pay $6,526.22 to the client's former husband within 30 days of the order, Templin knowingly disobeyed an obligation of a tribunal, in violation of SCR 20:3.4(c).[4]

---

[2] SCR 20:3.1(a)(1) provides that, in representing a client, a lawyer shall not "knowingly advance a claim or defense that is unwarranted under existing law, except that the lawyer may advance such claim or defense if it can be supported by good faith argument for an extension, modification or reversal of existing law."

[3] SCR 20:3.1(a)(3) provides that, in representing a client, a lawyer shall not "file a suit, assert a position, conduct a defense, delay a trial or take other action on behalf of the client when the lawyer knows or when it is obvious that such an action would serve merely to harass or maliciously injure another."

[4] SCR 20:3.4(c) provides that a lawyer shall not "knowingly disobey an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists."

[Count 5]     By failing to provide relevant information to OLR in a timely fashion, Templin violated SCR 22.03(2),[5] which is enforceable under the Rules of Professional Conduct through SCR 20:8.4(h).[6]

¶15 Counts 6-8 of the OLR's complaint arose out of Attorney Templin's representation of A.H. In 2009, the State of Wisconsin filed a petition to terminate A.H.'s parental rights to his son. Following a dispositional hearing in February 2011, A.H. involuntarily lost his parental rights to his son. Following an appeal and a subsequent trial on remand, the trial court entered an order terminating A.H.'s parental rights to his son. A.H. appealed this order. His appointed appellate counsel filed a no-merit brief on A.H.'s behalf.

---

[5] SCR 22.03(2) provides:

Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[6] SCR 20:8.4(h) provides that it is professional misconduct for a lawyer to "fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1)."

¶16 On December 5, 2012, the court of appeals entered an order summarily affirming the trial court's order terminating A.H.'s parental rights.

¶17 Pursuant to Wis. Stat. § 809.24(1), a motion for reconsideration of a court of appeals' decision must be filed within 20 days of the court of appeals' order. Pursuant to Wis. Stat. § 808.10(1), a petition for review must be filed with this court within 30 days of the court of appeals' decision. A failure to comply with the 30-day deadline for filing a petition for review deprives this court of subject matter jurisdiction.

¶18 On January 4, 2013, A.H. met with Attorney Templin and paid him $300 in cash to review his case file for purposes of possibly filing a petition for review. A.H. believed he had until January 7, 2013, to file a petition for review. In fact, the filing deadline was January 4, 2013. Attorney Templin failed to advise A.H. that, subsequent to January 4, 2013, nothing further could be done on the case.

¶19 A.H. attempted to reach Attorney Templin in January and February of 2013 without success. In March 2013, A.H. submitted documents to Attorney Templin in an attempt to show his continued efforts to see his son. In April 2013, Attorney Templin met with A.H., returned his files, and stated there was nothing further to be done in the matter.

¶20 A.H. filed a grievance with the OLR against Attorney Templin. Attorney Templin failed to respond to the OLR's requests for a response to the grievance.

¶21 The OLR's complaint alleged the following counts of misconduct with respect to Attorney Templin's representation of A.H.:

> [Count 6] By failing to respond promptly to [A.H.'s] multiple requests for information regarding his case, Templin failed to comply with reasonable requests by [A.H.] for information, in violation of SCR 20:1.4(a)(4).[7]

> [Count 7] By failing to explain to [A.H.] that the deadline for filing a Petition for Review with the Supreme Court, or that all other applicable appellate deadlines, had expired on or before January 4, 2013, Templin failed to explain matters to [A.H.] in a way that would permit him to make informed decisions about his representation, in violation of SCR 20:1.4(b).[8]

> [Count 8] By accepting a $300 fee to review [A.H.'s] file for purposes of a potential appeal to the Supreme Court, on the same day as the deadline for filing any kind of appeal or petition for review expired, thereby precluding any meaningful action in the case, Templin charged an unreasonable fee, in violation of SCR 20:1.5(a).[9]

---

[7] SCR 20:1.4(a)(4) provides that a lawyer shall "promptly comply with reasonable requests by the client for information."

[8] SCR 20:1.4(b) provides that "[a] lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

[9] SCR 20:1.5(a) provides:

A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(continued)

¶22 Count 9 of the OLR's complaint arose out of Attorney Templin's representation of V.K., who retained Attorney Templin in May 2013 to commence a divorce action. Attorney Templin prepared legal papers purportedly for the purpose of commencing the divorce action and mailed them to the Racine County Clerk of Court for filing. The clerk of court returned the divorce pleadings, unfiled, to Attorney Templin with a note indicating that the family court commissioner would not accept the documents for filing because Attorney Templin also needed to file an order to show cause and affidavit for temporary relief.

¶23 Attorney Templin prepared an order to show cause and affidavit for temporary relief and mailed the documents to the clerk of court. The documents were again returned with a statement that Attorney Templin had failed to properly follow

---

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

10

local Racine County court rules. Thereafter, Attorney Templin downloaded the court documents that are accessible online for pro se litigants and filled out the information necessary to initiate the divorce action on behalf of V.K. Those documents were submitted to the clerk of court and were once again rejected. V.K. fired Attorney Templin via email on or about July 22, 2013.

¶24 The OLR's complaint alleged the following count of misconduct with respect to Attorney Templin's representation of V.K.:

> [Count 9] By failing to properly prepare and file [V.K.'s] Petition for Divorce in Racine County Circuit Court, Templin failed to provide competent representation to his client, in violation of SCR 20:1.1.

¶25 Counts 10-12 of the OLR's complaint arose out of Attorney Templin's representation of C.B., a veteran who had a history of receiving medical care from the Veterans Administration (VA). In June 2008, C.B. was involved in a serious auto accident which resulted in him being flown to Froedtert Memorial Lutheran Hospital (Froedtert) where he remained for approximately three months. After payment of certain amounts by the VA, the amount owing from C.B. to Froedtert was $79,442.07.

¶26 On August 28, 2012, Froedtert filed a summons and complaint against C.B. in Milwaukee County circuit court. C.B. met with Attorney Templin on September 21, 2012, and discussed

11

the need to file an answer and a third party summons and complaint against the VA.

¶27 Attorney Templin filed an answer and affirmative defenses on September 24, 2012. A pretrial conference was held on November 5, 2012. The scheduling order issued that day imposed a December 5, 2012 deadline for filing amendments to the pleadings, including the naming of any additional parties. The scheduling order imposed a deadline of March 5, 2013, for the parties to file all dispositive motions, imposed deadlines to identify witnesses and damage claims, and imposed a deadline for discovery, as well as a deadline to complete mediation.

¶28 On December 5, 2012, Attorney Templin filed a third party summons and complaint against the VA. Despite apparent efforts to obtain service on the VA, service was never obtained. Attorney Templin never filed a witness list on behalf of C.B.

¶29 On March 5, 2013, Froedtert filed a motion for summary judgment with supporting memorandum and affidavit. Attorney Templin did not file any responsive pleadings. On April 22, 2013, Attorney Templin sent an email to Froedtert's counsel indicating he never received the summary judgment motion. Another copy of the motion was sent to Attorney Templin.

¶30 On April 22, 2013, Attorney Templin sent a letter asking the judge for an adjournment of the April 24, 2013 summary judgment motion hearing. Attorney Templin's request was denied.

¶31 The scheduling order had also required the parties to complete mediation before April 4, 2013. The attorneys never communicated over the subject of mediation.

¶32 On April 24, 2013, the circuit court granted Froedtert's motion for summary judgment. Attorney Templin never adequately advised C.B. about the pending summary judgment motion or various legal options available to him concerning the motion. C.B. received no communication or contact from Attorney Templin after April 24, 2013. Ultimately, C.B. filed bankruptcy in 2014 and the judgment in favor of Froedtert was discharged.

¶33 The OLR's complaint alleged the following counts of misconduct with respect to Attorney Templin's representation of C.B.:

> [Count 10] By failing to properly serve the VA; by failing to submit a witness list or detailed damage claims; and/or by failing to respond to the Motion for Summary Judgment filed by the plaintiff in the case, Templin failed to provide competent representation to his client, in violation of SCR 20:1.1.

> [Count 11] By failing to secure service on a third-party defendant, file a witness list as required in the Scheduling Order, pursue mediation, or file any dispositive motions, Templin failed to provide diligent representation to his client, in violation of SCR 20:1.3.[10]

> [Count 12] By failing to advise [C.B.] of the pending Motion for Summary Judgment, or the subsequent entry of a judgment against him, as well as failing to discuss the options available to him regarding his case, Templin failed to explain matters to [C.B.]

---

[10] SCR 20:1.3 provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

13

sufficiently to enable him to make informed decisions regarding his representation, in violation of SCR 20:1.4(b), and failed to keep his client reasonably informed about the status of the matter, in violation of SCR 20:1.4(a)(3).[11]

¶34 By entering into the amended stipulation, Attorney Templin admitted the facts underlying all 12 counts of the OLR's complaint. The referee concluded that the OLR met its burden of proof as to all 12 counts. The referee further agreed with the parties' amended stipulation that Attorney Templin be required to make restitution in the amount of $300 to A.H. and $200 to V.K. The referee further agreed with the parties' amended stipulation that Attorney Templin be required to complete six hours of CLE, concentrating on civil procedure and/or appellate practice and approved by the OLR, as a precondition to reinstatement.

¶35 Turning to the appropriate sanction, while the parties' amended stipulation jointly recommended a four-month suspension, the referee concluded that a six-month suspension was appropriate. The referee commented that the one mitigating factor in the case was Attorney Templin's lack of an extensive disciplinary history. The referee identified a number of aggravating factors, including multiple offenses, a pattern of misconduct, an intentional failure to comply with rules or orders of the disciplinary agency, and vulnerability of the victims.

---

[11] SCR 20:1.4(a)(3) provides that a lawyer shall "keep the client reasonably informed about the status of the matter."

¶36 The referee noted that Attorney Templin is a staff attorney employed at a nonprofit law firm directing services for economically disadvantaged clients who have few or no lawyer retention options. The referee also found a lack of remorse or acceptance of responsibility for Attorney Templin's actions, as well as a significant number of violations occurring in a relatively short period of time since he was licensed to practice law. The referee also expressed concern about Attorney Templin's understanding of his violation of supreme court rules, the seriousness of the violations, the inappropriateness of his conduct, and the effect of his violations of the rules. The referee noted that, while the disciplinary proceeding was pending, Attorney Templin attempted to voluntarily resign from the State Bar. His resignation request was held in abeyance pending the outcome of this disciplinary proceeding. The referee also commented that she was concerned about Attorney Templin's understanding and attitude towards meeting the professional standards imposed on a member of the bar, and said his "conduct during these proceedings raises substantial concerns about [his] understanding of and attitude toward court proceedings and toward future clients' needs and expectations."

¶37 The referee concluded that a six-month suspension was necessary for Attorney Templin to understand and accept the responsibilities of the legal profession and the ethical constraints placed upon its practice. She said the resultant full reinstatement proceeding, pursuant to SCRs 22.29-22.33, is necessary for the court to be certain that Attorney Templin has

15

complied with the supreme court rules during the term of his suspension and that he is prepared to comply with the standards of professional practice and the expectations of clients served under a Wisconsin law license.

¶38 A referee's findings of fact are affirmed unless clearly erroneous. Conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. The court may impose whatever sanction it sees fit, regardless of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶39 There is no showing that any of the referee's findings of fact are clearly erroneous. Accordingly, we adopt them. We also agree with the referee's conclusions of law that Attorney Templin violated the supreme court rules set forth above.

¶40 With respect to the appropriate level of discipline, upon careful review of the matter, we agree with the referee's recommendation for a six-month suspension of Attorney Templin's license to practice law in Wisconsin. Although no two disciplinary proceedings are identical, a six-month suspension is generally consistent with the sanction imposed in In re Disciplinary Proceedings Against Hartigan, 2005 WI 3, 277 Wis. 2d 341, 690 N.W.2d 831 (attorney's license suspended for six months for six counts of misconduct involving two client matters) and In re Disciplinary Proceedings Against Boyd, 2009 WI 59, 318 Wis. 2d 281, 767 N.W.2d 226 (attorney's license

16

suspended for six months for 13 counts of misconduct arising out of five client matters).

¶41 We agree with the referee's recommendation, based upon the parties' stipulation, that Attorney Templin be required to make restitution to A.H. in the amount of $300 and to V.K. in the amount of $200. We further agree that, as a precondition of license reinstatement, Attorney Templin be required to complete six hours of CLE, concentrating on civil procedure and/or appellate practice, as approved by the OLR. We also find it appropriate to impose the full costs of this disciplinary proceeding on Attorney Templin.

¶42 IT IS ORDERED that the license of Thor Templin to practice law in Wisconsin is suspended for a period of six months, effective May 3, 2016.

¶43 IT IS FURTHER ORDERED that, as a condition of the reinstatement of his license to practice law in Wisconsin, Thor Templin shall successfully complete six hours of continuing legal education, concentrating on civil procedure and/or appellate practice, as approved by the Office of Lawyer Regulation.

¶44 IT IS FURTHER ORDERED that within 60 days of the date of this order, Thor Templin shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $7,564.50.

¶45 IT IS FURTHER ORDERED that within 60 days of the date of this order, Thor Templin shall make restitution in the amount of $300 to A.H. and in the amount of $200 to V.K.

17

¶46  IT IS FURTHER ORDERED that the restitution specified above is to be completed prior to paying costs to the Office of Lawyer Regulation.

¶47  IT IS FURTHER ORDERED that Thor Templin shall comply with the provisions of SCR 22.26 concerning the duties of an attorney whose license to practice law has been suspended.

¶48  IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement.  See SCR 22.29(4)(c).

¶49 SHIRLEY S. ABRAHAMSON, J. *(concurring).* I join the per curiam. I write separately, however, to discuss a procedural issue posed in the instant case relating to current OLR practice: How should the OLR address multiple investigations of a lawyer during substantially the same time period? Should the OLR propose disciplining an attorney in one disciplinary proceeding only to support a different discipline or suspension of the license in the near future in another proceeding?

¶50 To understand the procedural issue, I state key dates relating to OLR's case against Attorney Thor Templin.

¶51 OLR's complaint in the instant matter was filed on February 15, 2015. OLR and Attorney Templin entered into a stipulation on July 6, 2015. The referee issued her report on September 29, 2015.

¶52 While the court was considering the instant OLR matter against Attorney Templin, on December 16, 2015, the OLR advised the court that it was investigating Attorney Templin on another matter. Notice of this other investigation is an open, public record.

¶53 This kind of issue arose in In re Disciplinary Proceedings Against Osicka, 2014 WI 33, ¶36, 353 Wis. 2d 656, 847 N.W.2d 343. There the referee commented critically about the OLR's filing two complaints within about a year of each other complaining about conduct in which the attorney engaged during approximately the same period. The referee explained:

1

It is unclear why the matters involving [Attorney Osicka] resulted in the filing of two separate cases. . . . [E]verything else charged in the present Complaint . . . pre-dated the filing, on January 11, 2012, of the earlier complaint in 2012AP60-D, and the OLR had knowledge of all the violations at least several months before January 11, 2012 when the earlier Complaint was filed. . . . The point is, there should have been only one Complaint.

¶54 The instant case raises an anomaly similar to one the referee raised in the Osicka case. This anomaly and other issues in the OLR's procedures have been brought to the attention of the court. Several issues to be addressed have been described.[1]

¶55 In this regard, I suggested that the court should institute a review of the OLR system, which is about 15 years old.[2] Others have joined me in this suggestion. Since October

---

[1] In In re Disciplinary Proceedings Against Winkel, 2015 WI 68, ¶55, 363 Wis. 2d 786, 866 N.W.2d 642 (Abrahamson, J., concurring), I wrote that Attorney Winkel's suggestion that bifurcating the hearing to address the merits of the charged violation and then determine the discipline should be part of the proposed OLR study.

See, e.g., In re Disciplinary Proceedings Against Johns, 2014 WI 32, ¶69, 353 Wis. 2d 746, 866 N.W.2d 642 (Abrahamson, C.J., dissenting). See also In re Disciplinary Proceedings Against Hicks, 2016 WI 9, ¶13, 366 Wis. 2d 512, ___ N.W.2d ___ (issue that has arisen with temporary suspensions).

[2] See, e.g., In re Disciplinary Proceedings Against Osicka, 2014 WI 33, ¶37, 353 Wis. 2d 656, 847 N.W.2d 343 (Abrahamson, C.J., concurring); In re Disciplinary Proceedings Against Osicka, 2014 WI 34, ¶38, 353 Wis. 2d 675, 847 N.W.2d 333 (Abrahamson, C.J., concurring); In re Disciplinary Proceedings Against Johns, 2014 WI 32, ¶71-76, 353 Wis. 2d 746, 847 N.W.2d 179 (Abrahamson, C.J., dissenting); In re Disciplinary Proceedings Against Kratz, 2014 WI 31, ¶¶73-75, 353 Wis. 2d 696, 851 N.W.2d 219 (Abrahamson, C.J., concurring).

(continued)

2013, Keith Sellen, Director of the OLR, and Justices Ann Walsh Bradley, N. Patrick Crooks, and David Prosser expressed interest in such a proposal.[3] Justice Prosser commented at an open rules conference on January 20, 2015, that he favored a "top down" review of the OLR.

¶56 To put this suggestion before the court, I filed Rule Petition 15-01 on February 6, 2015, asking the court to create supreme court rules establishing a Lawyer Regulation Review Committee to undertake a comprehensive review of the Rules of Professional Conduct for Attorneys and the organization, operation, and procedures of the lawyer discipline system.[4]

---

See also In re the Petition for Reinstatement of Attorney Jeffrey P. Neterval, unpublished order, ¶¶3-7 (Abrahamson, J., concurring) (Mar. 22, 2016); In re the Petition for Reactivation of David W. Klaudt's License to Practice Law in Wisconsin, unpublished order, ¶¶6-10 (Abrahamson, J., concurring) (Mar. 22, 2016).

[3] Johns, 353 Wis. 2d 746, ¶¶71-76 (Abrahamson, C.J., dissenting). See also Kratz, 353 Wis. 2d 696, ¶73-75 (Abrahamson, C.J., concurring).

Justice Prosser wrote in Kratz as follows in supporting an impartial, objective review of OLR's practices and procedures:

> From time to time every government agency would benefit from an impartial, objective review of the agency's practices and procedures. There is increasing evidence of the need for such an evaluation of the Office of Lawyer Regulation (OLR). This case highlights some of the problems facing the agency and why an objective review would be desirable.

Kratz, 353 Wis. 2d 696, ¶76 (Prosser, J., concurring in part and dissenting in part).

[4] S. Ct. Order 15-01 (issued Dec. 21, 2015), ¶37 (Abrahamson, J., dissenting).

¶57 All commentators were supportive of the petition. Nevertheless, after treating the petition as a valid rule petition for almost a year, on November 16, 2015, five justices voted to dismiss the petition on the ploy that it was an improper subject matter for a rule petition: David T. Prosser, Patience Roggensack, Annette K. Ziegler, Michael J. Gableman, and Rebecca G. Bradley.[5]

¶58 Justice Ann Walsh Bradley and I dissented from the dismissal.

¶59 The order dismissing the petition states that the dismissal does not necessarily end prospects for the appointment of a committee. Unfortunately, however, decisions about whether a committee will be established, the composition of the committee, the mission of the committee, and how the committee will function will be made behind closed doors. Yet lawyer discipline is of great importance to the court, to the lawyers of the state, and to the public.

¶60 I write separately to address an anomaly that was revealed in Osicka and to repeat my commitment to try to keep the bench, the bar, and the public generally informed as best I can about what progress (or lack thereof) is made in the appointment of the committee. As of this date, no progress has been made to create the committee.

---

[5] For a fuller explanation, please read the order of dismissal of Rule Petition 15-01 and my dissent, available at http://www.wicourts.gov/sc/rulhear/DisplayDocument.pdf?content=pdf&seqNo=158416.

¶61 For the reasons set forth, I concur but write separately.