SHIRLEY S. ABRAHAMSON, J.
¶ 49. (concurring). I join the per curiam. I write separately, however, to discuss a procedural issue posed in the instant case relating to current OLR practice: How should the OLR address multiple investigations of a lawyer during substantially the same time period? Should the OLR propose disciplining an attorney in one disciplinary proceeding only to support a different discipline or suspension of the license in the near future in another proceeding?
¶ 50. To understand the procedural issue, I state key dates relating to OLR's case against Attorney Thor Templin.
¶ 51. OLR's complaint in the instant matter was filed on February 15, 2015. OLR and Attorney Templin *368 entered into a stipulation on July 6, 2015. The referee issued her report on September 29, 2015.
¶ 52. While the court was considering the instant OLR matter against Attorney Templin, on December 16, 2015, the OLR advised the court that it was investigating Attorney Templin on another matter. Notice of this other investigation is an open, public record.
¶ 53. This kind of issue arose in In re Disciplinary Proceedings Against Osicka, 2014 WI 33, ¶ 36, 353 Wis. 2d 656, 847 N.W.2d 343. There the referee commented critically about the OLR's filing two complaints within about a year of each other complaining about conduct in which the attorney engaged during approximately the same period. The referee explained:
It is unclear why the matters involving [Attorney Osicka] resulted in the filing of two separate cases. . . . [Everything else charged in the present Complaint . . . pre-dated the filing, on January 11, 2012, of the earlier complaint in 2012AP60-D, and the OLR had knowledge of all the violations at least several months before January 11, 2012 when the earlier Complaint was filed. . .. The point is, there should have been only one Complaint.
¶ 54. The instant case raises an anomaly similar to one the referee raised in the Osicka case. This anomaly and other issues in the OLR's procedures have been brought to the attention of the court. Several issues to be addressed have been described.[1]
*369 ¶ 55. In this regard, I suggested that the court should institute a review of the OLR system, which is about 15 years old.[2] Others have joined me in this suggestion. Since October 2013, Keith Sellen, Director of the OLR, and Justices Ann Walsh Bradley, N. Patrick Crooks, and David Prosser expressed interest in such a proposal.[3] Justice Prosser commented at an *370 open rules conference on January 20, 2015, that he favored a "top down" review of the OLR.
f 56. To put this suggestion before the court, I filed Rule Petition 15-01 on February 6, 2015, asking the court to create supreme court rules establishing a Lawyer Regulation Review Committee to undertake a comprehensive review of the Rules of Professional Conduct for Attorneys and the organization, operation, and procedures of the lawyer discipline system.[4]
¶ 57. All commentators were supportive of the petition. Nevertheless, after treating the petition as a valid rule petition for almost a year, on November 16, 2015, five justices voted to dismiss the petition on the ploy that it was an improper subject matter for a rule petition: David T. Prosser, Patience Roggensack, Annette K. Ziegler, Michael J. Gableman, and Rebecca G. Bradley.[5]
¶ 58. Justice Ann Walsh Bradley and I dissented from the dismissal.
¶ 59. The order dismissing the petition states that the dismissal does not necessarily end prospects for the appointment of a committee. Unfortunately, however, decisions about whether a committee will be established, the composition of the committee, the mission of the committee, and how the committee will *371 function will be made behind closed doors. Yet lawyer discipline is of great importance to the court, to the lawyers of the state, and to the public.
f 60. I write separately to address an anomaly that was revealed in Osicka and to repeat my commitment to try to keep the bench, the bar, and the public generally informed as best I can about what progress (or lack thereof) is made in the appointment of the committee. As of this date, no progress has been made to create the committee.
¶ 61. For the reasons set forth, I concur but write separately.

 In In re Disciplinary Proceedings Against Winkel, 2015 WI 68, ¶ 55, 363 Wis. 2d 786, 866 N.W.2d 642 (Abrahamson, J., concurring), I wrote that Attorney Winkel's suggestion that *369 bifurcating the hearing to address the merits of the charged violation and then determine the discipline should be part of the proposed OLR study.
See, e.g., In re Disciplinary Proceedings Against Johns, 2014 WI 32, ¶ 69, 353 Wis. 2d 746, 866 N.W.2d 642 (Abraha-mson, C.J., dissenting). See also In re Disciplinary Proceedings Against Hicks, 2016 WI 9, ¶ 13, 366 Wis. 2d 512, 875 N.W.2d 117 (issue that has arisen with temporary suspensions).

 See, e.g., In re Disciplinary Proceedings Against Osicka, 2014 WI 33, ¶ 37, 353 Wis. 2d 656, 847 N.W.2d 343 (Abrahamson, C.J., concurring); In re Disciplinary Proceedings Against Osicka, 2014 WI 34, ¶ 38, 353 Wis. 2d 675, 847 N.W.2d 333 (Abrahamson, C.J., concurring); In re Disciplinary Proceedings Against Johns, 2014 WI 32, ¶ 71-76, 353 Wis. 2d 746, 847 N.W.2d 179 (Abrahamson, C.J., dissenting); In re Disciplinary Proceedings Against Kratz, 2014 WI 31, ¶¶ 73-75, 353 Wis. 2d 696, 851 N.W.2d 219 (Abrahamson, C.J., concurring).
See also In re the Petition for Reinstatement of Attorney Jeffrey P. Neterval, unpublished order, ¶¶[ 3-7 (Abrahamson, J., concurring) (Mar. 22, 2016); In re the Petition for Reactivation of David W. Klaudt's License to Practice Law in Wisconsin, unpublished order, ¶¶ 6-10 (Abrahamson, J., concurring) (Mar. 22, 2016).

 Johns, 353 Wis. 2d 746, ¶¶ 71-76 (Abrahamson, C.J., dissenting). See also Kratz, 353 Wis. 2d 696, | 73-75 (Abraham-son, C.J., concurring).
Justice Prosser wrote in Kratz as follows in supporting an impartial, objective review of OLR's practices and procedures:
From time to time every government agency would benefit from an impartial, objective review of the agency's practices and procedures. There is increasing evidence of the need for such an evaluation of the Office of Lawyer Regulation (OLR). This case *370 highlights some of the problems facing the agency and why an objective review would be desirable.
Kratz, 353 Wis. 2d 696, ¶ 76 (Prosser, J., concurring in part and dissenting in part).

 S. Ct. Order 15-01 (issued Dec. 21,2015), ¶ 37 (Abraham-son, J., dissenting).

 For a fuller explanation, please read the order of dismissal of Rule Petition 15-01 and my dissent, available at http://www.wicourts.gov/sc/rulhear/DisplayDocument.pdf? content=pdf&seqNo=158416.