## IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST James E. TORAN, Attorney at Law.

Supreme Court

*No. 88-2089-D. Filed August 18, 1989.*

(Also reported in 443 N.W.2d 927.)

PER CURIAM.  *Attorney disciplinary proceeding; attorney's license suspended.*

We review the report of the referee recommending that the license of James E. Toran to practice law in Wisconsin be suspended for six months as discipline for having arranged to receive cocaine in payment of a portion of his fees to represent a client and for his conviction of possession of cocaine. The referee also recommended that, upon completion of the suspension, Attorney Toran be required to furnish the Board of

Attorneys Professional Responsibility monthly drug screening reports. Under the circumstances of this case, in particular, that Attorney Toran has not practiced law for almost two years as a result of his misconduct, we determine that the recommended discipline is appropriate.

Attorney Toran was admitted to practice law in 1983, served as assistant district attorney for Milwaukee county and later practiced law in Milwaukee. He has not previously been the subject of a disciplinary proceeding. Commencing October, 1987, he has been suspended from membership in the State Bar of Wisconsin for his failure to comply with continuing legal education requirements. Pursuant to SCR 31.10, that noncompliance renders him ineligible to practice law. The referee is the Honorable John A. Fiorenza, reserve judge.

The referee's findings of fact are those to which the parties had stipulated. In 1987 Attorney Toran agreed to represent a man charged with possession of cocaine and a sawed-off shotgun, possession of a firearm by a felon and being a fugitive from justice. Attorney Toran agreed to represent the man, who was being held in jail, for a fee of $800, payable in advance. When told the client did not have the money but would have to sell some cocaine in order to raise it, Attorney Toran agreed to accept cocaine as payment of one-half of his fee, with the balance to be paid at a later date. The client and a friend informed the authorities of this arrangement and, with their cooperation, Attorney Toran was apprehended accepting cocaine from the client's friend.

In May, 1987 Attorney Toran pleaded guilty to a charge of possession of cocaine. The court withheld sentence and placed him on two years' probation.

On the basis of these facts, the referee concluded that Attorney Toran's possession of cocaine constituted

illegal conduct involving moral turpitude, in violation of SCR 20.04(3),[1] and that, by arranging to receive cocaine as partial payment of attorney fees, he counselled or assisted a client in conduct known to be illegal, in violation of SCR 20.36(1)(g).[2]

These findings of fact and conclusions of law, which we hereby adopt, establish serious professional misconduct on Attorney Toran's part. Not only did he himself engage in criminal conduct, but he involved in it a person with whom he had established an attorney-client relationship, one who had already been jailed on criminal charges. This violation of his professional duty to uphold the law and to protect the interests of his client would warrant the imposition of discipline substantially more severe than the six-month license suspension recommended by the referee. However, we note, as did the referee, that as a result of his criminal conviction and the institution of this disciplinary proceeding, Attorney Toran has not practiced law since August 1, 1987. A six-month license suspension will extend that period to two and one-half years. Moreover, pursuant to court rule, it will mean that Attorney Toran's license to practice law may not be reinstated without order of the court.[3] This,

[1] SCR 20.04(3) provides: "A lawyer shall not . . . [e]ngage in illegal conduct involving moral turpitude." The corresponding provision of the Rules of Professional Conduct for Attorneys in SCR 20:8.4(b).

[2] SCR 20.36(1)(g) provides: "In his or her representation of a client, a lawyer may not . . . [c]ounsel or assist the client in conduct that the lawyer knows to be illegal or fraudulent." The corresponding provision of the Rules of Professional Conduct for Attorneys is SCR 20:3.3.

[3] An attorney whose license is revoked or suspended for a period of six months or more shall not resume practice until the license is reinstated by supreme court order. SCR 22.28(3).

we determine, constitutes an appropriate disciplinary response to Attorney Toran's misconduct.

IT IS ORDERED that the license of James E. Toran to practice law in Wisconsin is suspended for a period of six months, commencing the date of this order.

IT IS FURTHER ORDERED that for a period of one year following completion of the suspension period, Attorney James E. Toran furnish to the Board of Attorneys Professional Responsibility monthly drug screening reports.

IT IS FURTHER ORDERED that within 90 days of the date of this order James E. Toran pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of James E. Toran to practice law in Wisconsin shall be suspended until further order of the court.

IT IS FURTHER ORDERED that James E. Toran comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

DAY and BABLITCH, JJ., did not participate.