In the Matter of Disciplinary Proceedings Against
Benjamin J. Harris, Attorney at Law:

Office of Lawyer Regulation, Complainant,

v.

Benjamin J. Harris, Respondent.

Supreme Court

*No. 2009AP283–D. Decided February 4, 2010.*

2010 WI 9

(Also reported in 778 N.W.2d 154.)

¶ 1. PER CURIAM. We review Referee Richard C. Ninneman's report and recommendation that Attorney Benjamin J. Harris's license to practice law be suspended for 60 days for professional misconduct. The

Office of Lawyer Regulation (OLR) filed a four-count disciplinary complaint arising from two client matters. Attorney Harris stipulated to the misconduct charged in Counts Three and Four. Following an evidentiary hearing, the referee concluded the OLR failed to prove Counts One and Two. The parties stipulated to a 60–day suspension of Attorney Harris's license to practice law in Wisconsin. The referee approved the stipulation. No appeal has been filed.

¶ 2. Upon our independent review, we approve and adopt the referee's findings and conclusions with respect to Attorney Harris's misconduct. We conclude his misconduct warrants a 60–day suspension of his license to practice law. We order Attorney Harris to pay the full costs of this proceeding.

¶ 3. Attorney Harris was admitted to practice law in Wisconsin in 1996 and practices in the Milwaukee area. In 2007 Attorney Harris was privately reprimanded for violations involving diligence and communication. *See* Private Reprimand of Benjamin J. Harris, No. 2007–04. In 2008 Attorney Harris was publicly reprimanded for violations involving diligence, communication, conflict of interest, and terminating representation. *See* Public Reprimand of Benjamin J. Harris, No. 2008–03.

¶ 4. Counts One and Two in the current proceedings arose from Attorney Harris's failure to appear as a witness at a former client's post-divorce proceeding. After Attorney Harris had represented M.M. in his divorce, M.M. hired successor counsel to represent him at a post-divorce hearing. M.M.'s former wife subpoenaed Attorney Harris to testify at the post-divorce hearing. A $50 witness fee check was issued to Attorney Harris with the subpoena. There is no dispute that Attorney Harris was served with the subpoena, cashed

the $50 check, and did not appear at the scheduled hearing. As a result of his actions, the OLR charged that Attorney Harris knowingly disregarded the subpoena (Count One). *See* SCR 20:3.4(c).[1] The OLR also charged Attorney Harris with dishonesty, fraud, deceit, or misrepresentation due to cashing the witness fee check and failing to appear (Count Two). *See* SCR 20:8.4(c).[2]

¶ 5. Following an evidentiary hearing, the referee concluded the evidence did not support Counts One and Two. The referee found credible Attorney Harris's testimony that he did not appear at the post-divorce hearing because M.M. informed him the matter had been settled and the hearing would be cancelled. The referee believed Attorney Harris's testimony that he had been available at his office on the day in question and would have appeared at the hearing if anyone would have contacted him. After Attorney Harris learned the hearing had not been cancelled, he refunded the $50 witness fee. The referee said under the circumstances, Attorney Harris did not knowingly disobey or disregard the subpoena, and cashing the witness fee check did not involve dishonesty, fraud, deceit, or misrepresentation.

¶ 6. The referee accepted Attorney Harris's stipulation that he committed the violations alleged in Counts Three and Four. These counts arose from Attorney Harris's professional misconduct in representing

---

[1] SCR 20:3.4(c) provides that an attorney shall not "knowingly disobey an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists; . . . ."

[2] SCR 20:8.4(c) states it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation; . . . ."

his former client, T.N., who had hired him in August 2005 to defend an action seeking specific performance of a real estate contract and the subsequent appeal. Count Three alleged Attorney Harris failed to keep himself informed of the status of the litigation at both the trial and appellate levels, failed to attend a damages hearing, and failed to attend a motion hearing seeking enforcement of the judgment, in violation of SCR 20:1.3.[3]

¶ 7. Count Four alleged that by failing to notify T.N. of the status of her case, by failing to notify her of the upcoming hearings, by failing to advise her of a December 2006 order dismissing her appeal, and by failing to advise her of a July 2007 order granting a motion to enforce a judgment, Attorney Harris violated former SCR 20:1.4(a)[4] and SCRs 20:1.4(a)(3) and (4).[5]

¶ 8. The referee determined Attorney Harris prevailed on Counts One and Two and that he committed the misconduct charged in Counts Three and Four. The referee concluded the misconduct did not involve major violations. Given Attorney Harris's previous discipline, the referee accepted the parties' stipulation that a 60–day suspension of Attorney Harris's law license was appropriate discipline. The referee recommended that in the event this court agrees with the referee's findings

---

[3] SCR 20:1.3 provides "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

[4] Former SCR 20:1.4(a) (effective through June 30, 2007) provided that "[a] lawyer shall keep a client reasonably informed and promptly comply with reasonable requests for information."

[5] SCRs 20:1.4(a)(3) and (4) (effective July 1, 2007) state a lawyer shall "(3) keep the client reasonably informed about the status of the matter;" and "(4) promptly comply with reasonable requests by the client for information; . . . ."

and conclusions, the court should consider dividing the costs proportionately between the two parties.

¶ 9. A referee's findings of fact will not be overturned unless clearly erroneous. *See In re Disciplinary Proceedings Against Carroll,* 2001 WI 130, ¶ 29, 248 Wis. 2d 662, 636 N.W.2d 718. We independently review the referee's legal conclusions. *Id.* Also, it is our independent responsibility to determine appropriate discipline. *See In re Disciplinary Proceedings Against Reitz,* 2005 WI 39, ¶ 74, 279 Wis. 2d 550, 694 N.W.2d 894. We must consider the seriousness of the misconduct, the need to protect the public, courts, and legal system from the repetition of misconduct, the need to impress upon the attorney the seriousness of the misconduct, and the need to deter other attorneys from engaging in similar misconduct. *See In re Disciplinary Proceedings Against Arthur,* 2005 WI 40, ¶ 78, 279 Wis. 2d 583, 694 N.W.2d 910.

¶ 10. No appeal has been filed and the record supports the referee's findings and conclusions regarding Attorney Harris's misconduct. We therefore adopt the referee's findings and conclusions. We accept the parties' stipulation as to discipline. We are satisfied a 60–day license suspension will impress upon Attorney Harris the seriousness of his misconduct and serve to deter him and other attorneys from engaging in similar misconduct.

¶ 11. The OLR filed a statement seeking full costs of $3,442.26. The OLR notes the preliminary review committee found cause to proceed on each of the four counts. The OLR asks this court to consider Attorney Harris's previous disciplinary history. Also, the OLR points out, it had sought a 60–day license suspension

and both the referee and Attorney Harris agreed a 60–day suspension was warranted.

■

¶ 12.  We impose full costs. Supreme court rule 22.24 governs the assessment of costs in this proceeding.[6] Under SCR 22.24(1m), the court's general policy is to impose costs on the respondent, Attorney Harris. To award less than full costs, the court must find "extraordinary circumstances." *Id.* Attorney Harris has not objected to the costs and does not claim extraordinary circumstances to justify the imposition of less than full costs. We conclude Attorney Harris shall bear the entire costs of the proceeding.

¶ 13.  IT IS ORDERED that the license of Benjamin J. Harris to practice law in Wisconsin is suspended for a period of 60 days, effective March 8, 2010.

¶ 14.  IT IS FURTHER ORDERED that within 90 days of the date of this order, Benjamin J. Harris pay to the Office of Lawyer Regulation the costs of this proceeding. If costs are not paid within the time specified and absent a showing of his inability to pay the costs,

---

[6] SCR 22.24 reads in part: Assessment of costs.

(1) The supreme court may assess against the respondent all or a portion of the costs of a disciplinary proceeding in which misconduct is found, a medical incapacity proceeding in which it finds a medical incapacity, or a reinstatement proceeding and may enter a judgment for costs. The director may assess all or a portion of the costs of an investigation when discipline is imposed under SCR 22.09. Costs are payable to the office of lawyer regulation.

(1m) The court's general policy is that upon a finding of misconduct it is appropriate to impose all costs, including the expenses of counsel for the office of lawyer regulation, upon the respondent. In cases involving extraordinary circumstances the court may, in the exercise of its discretion, reduce the amount of costs imposed upon a respondent. . . .

Benjamin J. Harris's license to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 15. IT IS FURTHER ORDERED that to the extent he has not yet done so, Benjamin J. Harris shall comply with SCR 22.26 regarding the duties of a person whose license to practice law in Wisconsin has been suspended.