# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2016AP112-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against James Toran , Attorney at Law:<br><br>Office of Lawyer Regulation,<br>　　　　　Complainant-Respondent,<br>　　　v.<br>James Toran,<br>　　　　　Respondent-Appellant. |

DISCIPLINARY PROCEEDINGS AGAINST TORAN

| | |
|---|---|
| OPINION FILED: | April 5, 2018 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | January 17, 2018 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

For the respondent-appellant, there was a brief filed and an oral argument by *Michael L. Chernin* and *Law Office of Michael L. Chernin*, Milwaukee.

For the complainant-respondent, there was a brief filed and oral argument by *Gregg Herman* on behalf of the Office of Lawyer Regulation, Madison.

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2016AP112-D

STATE OF WISCONSIN          :          IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against James Toran, Attorney at Law:**

**Office of Lawyer Regulation,**

        **Complainant-Respondent,**

    **v.**

**James Toran,**

        **Respondent-Appellant.**

**FILED**

**APR 5, 2018**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. Attorney James Toran appeals a report filed by Referee John A. Fiorenza concluding that Attorney Toran committed three counts of professional misconduct and recommending that Attorney Toran should be ordered to pay restitution and that his license to practice law in Wisconsin be suspended for one year. Attorney Toran entered into a stipulation whereby he admitted to the alleged misconduct and

agrees to pay restitution.  He argues that a lesser sanction is warranted.

¶2  We adopt the referee's findings of fact, conclusions of law, and recommendation regarding restitution, but we conclude that a 60-day suspension of Attorney Toran's license to practice law is a sufficient sanction for his misconduct.  As is our usual practice, we also agree that Attorney Toran should be required to pay the full costs of this proceeding, which are $2,188.05 as of February 6, 2018.

¶3  Attorney Toran was admitted to practice law in Wisconsin in 1983.  He practices criminal law in Milwaukee. This is his fifth disciplinary proceeding.

¶4  In 1989, we suspended Attorney Toran's license for six months because Attorney Toran arranged to receive cocaine as payment of a portion of legal fees he charged to represent a criminal client.  In re Disciplinary Proceedings Against Toran, 151 Wis. 2d 194, 443 N.W.2d 927 (1989).  He was charged and convicted of possession of cocaine and received two years of probation.  Id.

¶5  In 1991, Attorney Toran received a consensual public reprimand for misconduct committed in two client matters. Public Reprimand of James E. Toran, No. 1991-13 (electronic copy available at https://compendium.wicourts.gov/app/raw/ 000288.html).  In the first matter, a client retained Attorney Toran to represent him on a speeding and drunk driving charge. Attorney Toran failed to show up for a court hearing without formal notice to the court and with only five minutes notice to

2

his client. The client promptly discharged him and, although Attorney Toran agreed to return $350 of the $500 retainer to the client, he failed to do so.

¶6 In the second matter, a woman retained Attorney Toran following her arrest on a drunk driving charge. She had been offered a plea deal but Attorney Toran told her that she had a good case. She paid Attorney Toran a $500 retainer and, on Attorney Toran's advice, drove 200 miles to take photographs of the area where she had been driving to use as evidence at trial. After several delays, Attorney Toran accepted a plea deal for her without her consent. Believing she was going to trial, she tried to contact Attorney Toran without success. She terminated representation and, when she tried to discuss a refund, Attorney Toran cancelled the meeting and subsequently failed to respond to her telephone calls or to a certified letter. During the investigation Attorney Toran agreed to refund her $500 retainer, but failed to do so.

¶7 Attorney Toran received a consensual private reprimand in 2007.

¶8 On November 3, 2012, Attorney Toran received another consensual public reprimand based on misconduct in three client matters. Public Reprimand of James E. Toran, No. 2012-15 (electronic copy available at https://compendium.wicourts.gov/app/raw/002521.html). Attorney Toran failed to provide a client with a written fee agreement, in violation of SCR 20:1.5(b)(1). With respect to the second client, Attorney Toran again failed to provide the client with a written fee agreement and, despite

3

repeated requests, also failed to provide the client with a copy of discovery in the case, in violation of SCR 20:1.4(a)(4). Attorney Toran also falsely told the Office of Lawyer Regulation's (OLR) investigators that he had visited this client in jail.  In the third client matter, Attorney Toran failed to respond to appellate counsel's requests for the client's file and failed to promptly deliver the client's file to appellate counsel, in violation of SCR 20:1.16(d).

¶9  This proceeding commenced on January 15, 2016, when the OLR filed a complaint alleging that Attorney Toran had committed misconduct in connection with his representation of B.S.  The OLR sought a 60-day suspension and $500 in restitution.  Attorney Toran filed an answer and a referee was appointed.

¶10  At the beginning of the September 23, 2016 evidentiary hearing, the lawyers informed the referee that Attorney Toran had stipulated to the allegations in the complaint. Accordingly, the only remaining issue was the appropriate sanction.

¶11  The complaint alleged, and Attorney Toran stipulated, that in November 2012 Attorney Toran was retained to represent B.S. in a criminal matter.  B.S.'s mother, D.S., paid Attorney Toran $1,000 in advanced fees toward the representation.  There was no written fee agreement.

¶12  At some point, D.S. asked Attorney Toran to file a petition for writ of certiorari on her son's behalf.  Attorney Toran explained to D.S. that he required payment of $1,000

4

before he would file the writ of certiorari. D.S. made some additional payments totaling approximately $1,500. Of that amount, $500 was paid in contemplation of Attorney Toran filing the petition for writ of certiorari. However, the additional $500 was not paid. So, Attorney Toran did not draft or file the writ of certiorari.

¶13 However, upon termination of representation, Attorney Toran never refunded D.S. the $500 paid toward the writ of certiorari. Attorney Toran also failed to deposit any of these funds into his trust account.

¶14 The complaint alleged that, by failing to enter into a written fee agreement with regard to his representation of B.S. when the total cost of the representation exceeded $1,000, Attorney Toran violated SCR 20:1.5(b)(l)(Count One);[1] by failing to deposit into his trust account the advanced payment of fees made by B.S.'s mother on his behalf, and absent any evidence

---

[1] SCR 20:1.5(b)(1) provides:

> The scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible shall be communicated to the client in writing, before or within a reasonable time after commencing the representation, except when the lawyer will charge a regularly represented client on the same basis or rate as in the past. If it is reasonably foreseeable that the total cost of representation to the client, including attorney's fees, will be $1000 or less, the communication may be oral or in writing. Any changes in the basis or rate of the fee or expenses shall also be communicated in writing to the client.

that Attorney Toran complied with the alternative protection for fees available under SCR 20:1.15(b)(4m), Attorney Toran violated (former) SCR 20:1.15(b)(4) (Count Two);[2] and by failing to refund the $500 advanced payment of fees made in contemplation of filing a writ of certiorari, when no such work was completed, Attorney Toran violated SCR 20:1.16(d)(Count Three).[3]

¶15 At the time of the evidentiary hearing it was clear that D.S. felt she was entitled to more than $500 in

---

[2] Effective July 1, 2016, substantial changes were made to Supreme Court Rule 20:1.15, the "trust account rule." See S. Ct. Order 14-07, (issued Apr. 4, 2016, eff. July 1, 2016). Because the conduct underlying this case arose prior to July 1, 2016, unless otherwise indicated, all references to the supreme court rules will be to those in effect prior to July 1, 2016.

Former SCR 20:1.15(b)(4) provided:

Except as provided in par. (4m), unearned fees and advanced payments of fees shall be held in trust until earned by the lawyer, and withdrawn pursuant to sub. (g). Funds advanced by a client or 3rd party for payment of costs shall be held in trust until the costs are incurred.

Attorney Toran does not argue that he complied with the advanced fee alternative formerly available under SCR 20:1.15(4m).

[3] SCR 20:1.16(d) provides:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

restitution. The parties agreed that D.S. should be permitted to testify and she did so. Both lawyers made brief presentations to the referee regarding sanctions. Attorney Toran testified, saying, inter alia, that he thought he had repaid D.S. but could not prove it.

¶16 The referee filed a brief report and recommendation on January 30, 2017 accepting the parties' stipulation, recommending the court order Attorney Toran to pay $500 in restitution to D.S., and, in light of Attorney Toran's disciplinary history, recommending a one-year license suspension and costs.

¶17 Attorney Toran appeals. He asserts that a public reprimand is sufficient. The parties filed briefs, and this court conducted oral argument on January 17, 2018.

¶18 Neither party challenges the referee's findings of fact or conclusions of law. We agree with the findings of fact and conclusions of law and we adopt them. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. The issue for this court is the appropriate level of discipline for Attorney Toran's admitted misconduct: failing to provide a fee agreement, failing to hold advanced fees in trust, and failing to return advanced fees to D.S. when it became clear that he would not be drafting a writ of certiorari petition.

¶19 Attorney Toran maintains that a public reprimand is sufficient. He seeks to provide some context for his errors. He concedes, as he must, that this court adheres to the practice

7

of progressive discipline. See In re Disciplinary Proceedings Against Nussberger, 2006 WI 111, 296 Wis. 2d 47, 719 N.W.2d 501; In re Disciplinary Proceedings Against Lister, 2010 WI 108, 329 Wis. 2d 289, 787 N.W.2d 820. He suggests however that his early discipline is so remote in time and preceded his recovery and should not be held against him in this matter. He notes that the "[r]eferee's recommendation is terse in word and analysis" and argues that progressive discipline does not "in any manner suggest the harsh sanction recommended." However, he cites no legal authority in support of his request for another public reprimand.

¶20 The OLR agrees that a one-year suspension is too harsh but maintains that a suspension of some length is merited. It reiterates its request for a 60-day suspension. The OLR acknowledges that Attorney Toran was cooperative during the investigation and prosecution of this matter. The OLR acknowledges that, standing alone, in the absence of any prior disciplinary history, the nature and severity of Attorney Toran's misconduct in this matter might warrant a reprimand, and perhaps if restitution had been timely made, even a private reprimand.

¶21 However, restitution was not timely made and this is Attorney Toran's fifth disciplinary proceeding. Even if we were to discount Attorney Toran's early disciplinary history, the facts giving rise to his 2012 public reprimand indicate this misconduct was not an isolated or unique occurrence. As such,

progressive discipline tips the balance in favor of license suspension. The question is how long?

¶22 We agree that a one-year suspension is too long. Indeed, any license suspension of six months or more would require Attorney Toran to formally petition for reinstatement pursuant to SCR 22.28(3), thereby delaying reinstatement.

¶23 A 60-day license suspension is the shortest license suspension we impose.[4] While no two disciplinary cases present precisely the same circumstances, a 60-day suspension appears most consistent with our prior practice in similar cases. See In re Disciplinary Proceedings Against Osicka, 2014 WI 33, 353 Wis. 2d 656, 847 N.W.2d 343 (imposing 60-day suspension for violations of SCRs 20:1.15(b), 20:1.5(a), 20:1.16(d), and 22.03(2) and (6) on attorney with three prior public reprimands, the most recent for similar misconduct); In re Disciplinary Proceedings Against Harris, 2010 WI 9, 322 Wis. 2d 364, 778 N.W.2d 154 (imposing a 60-day suspension for violations of SCRs 20:1.3 and 20:1.4 on attorney with a prior private reprimand and a prior public reprimand for similar misconduct). We thus

---

[4] The court may order a shorter suspension when imposing discipline reciprocal to that imposed on an attorney by another jurisdiction. SCR 22.22. We did impose 30-day license suspensions in two related disciplinary cases, In re Disciplinary Proceedings Against Sommers, 2012 WI 33, 339 Wis. 2d 580, 811 N.W.2d 387 and In re Disciplinary Proceedings Against Humphrey, 2012 WI 32, 339 Wis. 2d 531, 811 N.W.2d 363. That outcome, imposed on lawyers with no prior discipline, was explicitly characterized "an unusual case that calls for an unusual result."

conclude that a 60-day suspension of Attorney Toran's license to practice law in Wisconsin is sufficient to impress upon him the seriousness of his misconduct, to protect other clients, and to deter other attorneys from engaging in similar misconduct.

¶24 We turn to the question of restitution. The parties stipulated to $500 in restitution to D.S., and the referee agreed.

¶25 At the evidentiary hearing, the client's mother testified that she retained Attorney Toran in the fall of 2012 to represent her son in a criminal proceeding. She gave Attorney Toran $1,000 in cash or a cashier's check at that time. The testimony from the evidentiary hearing disclosed that she sought Attorney Toran's assistance on a number of interrelated matters regarding her son, including a revocation proceeding. She testified that she later gave Attorney Toran another $500-$700, then another $800 for a total of $2,500 on "the first case." This testimony differed from the OLR's understanding, as set forth in the complaint: that Attorney Toran had received a total of $1,500. D.S. offered no receipts or other evidence of having paid Attorney Toran more than $1,500. It was clear that D.S. wanted Attorney Toran to file a writ of certiorari petition on her son's behalf, but paid only $500 of the requisite $1,000 fee for that work. The referee considered the evidence and recommended, consistent with the parties' stipulation, that we direct Attorney Toran to pay $500 in restitution to D.S. We accept that recommendation and we also agree that Attorney Toran should pay the full costs of this proceeding.

10

¶26 IT IS ORDERED that the license of James Toran to practice law in Wisconsin is suspended for a period of 60 days effective May 17, 2018.

¶27 IT IS FURTHER ORDERED that James Toran shall pay $500 in restitution to D.S., the mother of his former client, B.S.

¶28 IT IS FURTHER ORDERED that the restitution specified above is to be completed prior to paying costs to the Office of Lawyer Regulation.

¶29 IT IS FURTHER ORDERED that James Toran comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶30 IT IS FURTHER ORDERED that within 60 days of the date of this order, James Toran pay to the Office of Lawyer Regulation the costs of this proceeding, which are $2,188.05 as of February 6, 2018. If the costs are not paid within the time specified, and absent a showing to this court of his inability to pay the costs within that time, the license of James Toran to practice law in Wisconsin shall remain suspended until further order of the court.