# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 19AP543-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Courtney Kathleen Kelbel, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>          Complainant,<br>     v.<br>Courtney Kathleen Kelbel,<br>          Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST KELBEL

| | |
|---|---|
| OPINION FILED: | October 22, 2019 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2019AP543-D

STATE OF WISCONSIN       :       IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Courtney Kathleen Kelbel, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

      **v.**

**Courtney Kathleen Kelbel,**

      **Respondent.**

**FILED**

**OCT 22, 2019**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. We review Referee James W. Mohr, Jr.'s, recommendation that the court declare Attorney Courtney Kathleen Kelbel in default and suspend her license to practice law in Wisconsin for a period of six months for professional misconduct in connection with her representation of five clients. The referee also recommended that Attorney Kelbel make restitution to the Wisconsin Lawyers' Fund for Client Protection (the Fund)

and that she pay the full costs of this proceeding, which are $1,037.25 as of July 24, 2019.

¶2 Since no appeal has been filed, we review the referee's report pursuant to Supreme Court Rule (SCR) 22.17(2). After review of the matter, we agree with the referee that, based on Attorney Kelbel's failure to answer the Office of Lawyer Regulation's (OLR) complaint, the OLR is entitled to a default judgment. We further agree with the referee that a six-month suspension of Attorney Kelbel's license is an appropriate sanction for her professional misconduct. Finally, we agree that Attorney Kelbel should be required to make restitution to the Fund and that she should be assessed the full costs of this proceeding.

¶3 Attorney Kelbel was admitted to practice law in Wisconsin in 2009. Her last known address is in Milwaukee. On October 9, 2018, Attorney Kelbel's Wisconsin law license was temporarily suspended by this court for non-cooperation with the OLR's investigations. Her license is also administratively suspended for failure to pay state bar dues and failure to file a trust account certification.

¶4 The OLR filed a complaint against Attorney Kelbel on March 19, 2019. The first client matter detailed in the complaint concerned Attorney Kelbel's representation of D.U., who hired Attorney Kelbel to assist him with the short sale of his home. The short sale was completed on or around October 20, 2017.

2

¶5 In February of 2018, D.U.'s mortgage lender sent him a 1099-C (cancellation of debt) form related to the short sale. D.U. believed the 1099-C listed the wrong amount of mortgage relief. He sent Attorney Kelbel multiple emails requesting her to contact him. Attorney Kelbel called D.U. in late February 2018 and agreed to write to D.U's lender requesting a breakdown of the amount shown on the 1099-C.

¶6 D.U. sent three emails to Attorney Kelbel in early March 2018 asking if and when the letter had been sent and how long the mortgage lender had to respond to the letter. Attorney Kelbel wrote to D.U. on April 2, 2018, claiming she had sent a letter to the lender on March 9, 2018. D.U. asked Attorney Kelbel for a copy of the letter, but he never received one. D.U.'s lender denied receiving a letter from Attorney Kelbel.

¶7 D.U. filed a grievance with the OLR against Attorney Kelbel on April 2, 2018. On May 10, 2018, the OLR wrote to Attorney Kelbel via regular and certified mail, asking her to respond to D.U.'s grievance by June 4, 2018. Attorney Kelbel did not respond. The letter sent by regular mail was not returned.

¶8 On June 22, 2018, the OLR moved this court for an order to show cause as to why Attorney Kelbel's license should not be suspended for failing to cooperate in three investigations, including D.U.'s. On August 1, 2018, this court ordered Attorney Kelbel to show cause, in writing, to the court within 20 days as to why the OLR's motion should not be granted. Attorney Kelbel failed to respond. On October 9, 2018, this

3

court temporarily suspended Attorney Kelbel's Wisconsin law license for her willful failure to cooperate in the OLR's grievance investigations.

¶9 The OLR's complaint alleged the following counts of misconduct with respect to Attorney Kelbel's representation of D.U.:

> **Count 1:** By failing to act on D.U.'s behalf in seeking clarification of the amount of mortgage relief obtained from his mortgage lender, Attorney Kelbel violated SCR 20:1.3.[1]
>
> **Count 2:** By willfully failing to timely provide the OLR with a written response to the grievance in the D.U. matter, Attorney Kelbel violated SCR 22.03(2)[2] and SCR 22.03(6),[3] enforceable via SCR 20:8.4(h).[4]

---

[1] SCR 20:1.3 provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

[2] SCR 22.03(2) provides:

Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[3] SCR 22.03(6) provides: "In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

¶10 The second client matter detailed in the OLR's complaint involved Attorney Kelbel's representation of V.L-C., who hired Attorney Kelbel to defend against the foreclosure of a Milwaukee condominium. As part of the representation, Attorney Kelbel agreed to work with the Wisconsin Housing and Economic Development Authority (WHEDA) to arrange for approval of a short sale of the property including listing, showing, and selling the property. Attorney Kelbel requested V.L-C. to provide her with specific financial documents which Attorney Kelbel would then submit to WHEDA as part of a short sale package.

¶11 On September 11, 2017, V.L-C.'s condominium association filed a foreclosure action against her. Attorney Kelbel had agreed to defend V.L-C. in the foreclosure case; however, Attorney Kelbel never filed a notice of appearance in the case.

¶12 In late October or early November 2017, V.L-C. provided Attorney Kelbel with the documents needed for WHEDA, but Attorney Kelbel never sent a short sale package to WHEDA. In December 2017, V.L-C. paid Attorney Kelbel the agreed upon advanced fee of $1,250. In early January 2018, V.L-C. sent Attorney Kelbel documents allowing Attorney Kelbel to list the condominium for sale.

---

[4] SCR 20:8.4(h) provides: "It is professional misconduct for a lawyer to fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1)."

¶13 On February 12, 2018, the attorney for the condominium association moved for default judgment against V.L-C. and sent notice of the motion to both V.L-C. and Attorney Kelbel. When V.L-C received notice of the default motion, she asked Attorney Kelbel to contact the association's attorney. Attorney Kelbel apparently did not do so.

¶14 A hearing on the default motion was held on February 19, 2018. Neither V.L-C. nor Attorney Kelbel appeared at the hearing, and V.L-C. was found to be in default.

¶15 In June 2018, V.L-C. met with Attorney Kelbel at a library and signed new listing documents. After that meeting, Attorney Kelbel did not list V.L-C.'s condominium for sale and never communicated with V.L-C. again. Attorney Kelbel never gave V.L-C. an itemized statement documenting any work she had performed on V.L-C.'s behalf, nor did she refund any fees.

¶16 V.L-C. filed a grievance with the OLR against Attorney Kelbel on June 27, 2018. On August 28, 2018, the OLR wrote to Attorney Kelbel asking her to respond to the grievance, sending the letter to Attorney Kelbel's last known address via regular mail. The OLR also asked a process server to serve the letter on Attorney Kelbel. The OLR asked Attorney Kelbel to respond to V.L-C.'s grievance by September 20, 2018. The post office returned the OLR's letter and the process server was unable to effect service on Attorney Kelbel. On September 18, 2018, the OLR emailed its August 28, 2018 letter and enclosures to Attorney Kelbel's email address listed with the State Bar of Wisconsin. Attorney Kelbel failed to respond.

¶17 In January 2019, the Fund approved payment of a portion ($625) of V.L-C.'s reimbursement request and indicated it may further review V.L-C.'s claim for additional reimbursement.

¶18 The OLR's complaint alleged the following counts of misconduct with respect to Attorney Kelbel's representation V.L-C.:

**Count 3:** By failing to submit a complete short sale package to WHEDA, and by failing to represent V.L-C. in the foreclosure matter, Attorney Kelbel violated SCR 20:1.3.

**Count 4:** By failing to refund any unearned portion of V.L-C.'s advanced fee payment of $1,250, Attorney Kelbel violated SCR 20:1.16(d).[5]

**Count 5:** By failing to provide the OLR with a written response to the grievance in the V.L-C. matter, Attorney Kelbel violated SCR 22.03(2), enforceable via SCR 20:8.4(h).

¶19 The third client matter detailed in the OLR's complaint arose out of Attorney Kelbel's representation of K.H. and R.S., an unmarried couple who hired Attorney Kelbel to file

---

[5] SCR 20:1.16(d) provides:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

7

individual Chapter 7 or Chapter 13 bankruptcies. K.H. and R.S. agreed to pay Attorney Kelbel $3,000 in legal fees for the bankruptcies, as well as the filing fees. In November 2017, K.H. and R.S. emailed Attorney Kelbel financial information that she had requested. By December 22, 2017, K.H. and R.S. had paid Attorney Kelbel the $3,000 in legal fees.

¶20 On March 10, 2018, K.H. and R.S. mailed updated financial information needed to draft bankruptcy petitions to Attorney Kelbel's office. The post office returned their letter as undeliverable in late March 2018. Attorney Kelbel has not communicated with K.H. or R.S. since March 19, 2018.

¶21 Attorney Kelbel never filed bankruptcy petitions for K.H. or R.S. and would not have been able to draft bankruptcy petitions without the updated financial information. Attorney Kelbel never notified K.H. or R.S. that she was terminating the representation. She did not provide them with an itemized statement documenting any work performed on their behalf, nor did she refund any unearned fees.

¶22 On June 11, 2018, K.H. and R.S. filed a claim with the Fund asking for the reimbursement of their $3,000 advanced fee. The Fund approved the claim on October 4, 2018.

¶23 On July 28, 2018, K.H. and R.S. filed a grievance with the OLR against Attorney Kelbel. On September 14, 2018, the OLR mailed certified and first class letters to Attorney Kelbel, requiring her to respond to the grievance by October 10, 2018. The letters were mailed to the address on file with the State

Bar as well as Attorney Kelbel's last known residential address. The post office returned the letters as undeliverable.

¶24 The OLR's complaint alleged the following counts of misconduct with respect to Attorney Kelbel's representation of K.H. and R.S.:

**Count 6:** By failing to advance the interests of K.H. and R.S., Attorney Kelbel violated SCR 20:1.3.

**Count 7:** By failing to refund the entire unearned fee of $3,000, Attorney Kelbel violated SCR 20:1.16(d).

**Count 8:** By failing to provide the OLR with a written response to the grievance in the K.H. and R.S. matter, Attorney Kelbel violated SCR 22.03(2), via SCR 20:8.4(h).

¶25 The fourth client matter detailed in the OLR's complaint arose out of Attorney Kelbel's representation of L.W., who hired Attorney Kelbel to prepare a bankruptcy petition in December 2017. L.W. paid Attorney Kelbel $1,835. In January 2018, Attorney Kelbel offered to refund $300 to L.W. but never did so.

¶26 On January 30, 2018, L.W. sent Attorney Kelbel some financial information, which Attorney Kelbel acknowledged receiving the following day. On February 20, 2018, Attorney Kelbel dropped L.W.'s file off at the offices of an unrelated law firm.

¶27 L.W. filed a grievance with the OLR against Attorney Kelbel on March 7, 2018. On March 9, 2018, Attorney Kelbel paid $835 to the unrelated law firm for L.W.'s representation.

¶28 On March 12, 2018, an attorney at the unrelated law firm informed L.W. of Attorney Kelbel's actions and offered to continue the representation. L.W. agreed. Attorney Kelbel never provided L.W. with any statement or documentation of work she had performed on L.W.'s behalf.

¶29 On April 4, 2018, the OLR mailed certified and first class letters to Attorney Kelbel requiring her to respond to L.W.'s grievance by April 27, 2018. The post office did not return either letter. Attorney Kelbel did not respond.

¶30 On May 10, 2018, the OLR mailed certified and first class letters to Attorney Kelbel requiring her to respond to L.W.'s grievance by May 21, 2018. The post office did not return the letter sent via regular mail. Attorney Kelbel did not respond. L.W.'s grievance was one of the three matters that formed the basis of this court's October 9, 2018 temporary suspension of Attorney Kelbel's Wisconsin law license, due to her willful failure to cooperate with the OLR's investigations.

¶31 On October 4, 2018, the Fund approved payment of $1,000 to L.W. for Attorney Kelbel's actions.

¶32 The OLR's complaint alleged the following counts of misconduct with respect to Attorney Kelbel's representation of L.W.:

**Count 9:** By retaining $1,000 of L.W.'s advanced but unearned fee on termination of the representation, Attorney Kelbel violated SCR 20:1.16(d).

**Count 10:** By willfully failing to timely provide the OLR with a written response to the grievance in the L.W. matter, Attorney Kelbel violated SCR 22.03(2) and SCR 22.03(6), via SCR 20:8.4(h).

10

¶33 The final client matter detailed in the OLR's complaint concerned Attorney Kelbel's representation of S.Z. On September 25, 2017, S.Z. filed a grievance with the OLR against Attorney Kelbel related to her representation of him in a real estate matter. Attorney Kelbel communicated with the OLR several times via email in January of 2018 about S.Z.'s grievance.

¶34 On March 7, 2018, the OLR wrote to Attorney Kelbel requiring her to respond to questions about the grievance by March 30, 2018. Attorney Kelbel did not respond.

¶35 On April 2, 2018, the OLR mailed certified and first class letters to Attorney Kelbel requiring her to respond to S.Z.'s grievance by April 12, 2018. Neither letter was returned, but Attorney Kelbel did not respond.

¶36 In May 2018, the OLR attempted to personally serve Attorney Kelbel with copies of its previous letters at her last known office and personal addresses, without success. Attorney Kelbel's failure to cooperate with the OLR's investigation of S.Z.'s grievance was one of the matters forming the basis for this court's October 9, 2018 temporary suspension of Attorney Kelbel's Wisconsin law license.

¶37 The OLR's complaint alleged the following count of misconduct with respect to S.Z.'s grievance:

> **Count 11:** By willfully failing to timely provide the OLR with a written response to the grievance in the S.Z. matter, Attorney Kelbel violated SCR 22.03(2) and SCR 22.03(6), enforceable via SCR 20:8.4(h).

11

¶38 The referee was appointed on May 9, 2019. On May 20, 2019, the referee notified Attorney Kelbel and counsel for the OLR by email of a scheduling conference to be held on May 30, 2019 by telephone conference call. Neither that email nor any subsequent emails from the referee to Attorney Kelbel were rejected or returned to the referee or identified as being undeliverable. Attorney Kelbel failed to appear or participate in any fashion at the telephone scheduling conference.

¶39 On June 14, 2019, the OLR filed a notice of motion and motion for default judgment, serving it upon Attorney Kelbel at her last known addresses. On June 21, 2019, the referee notified Attorney Kelbel via email and U.S. mail, at the same addresses, that the motion for default judgment would be heard at 10 a.m. on July 1, 2019 via telephone conference call. Attorney Kelbel failed to file any written response to the motion and did participate in the conference call.

¶40 On July 5, 2019, the referee issued a report recommending that this court grant the OLR's motion for default judgment. The referee noted that SCR 22.13(1) provides that service of the complaint and order to answer shall be accomplished "in the same manner as a summons under section 801.11(1) of the statutes." If, with reasonable diligence, service cannot be made in that fashion, SCR 22.13 provides that "service may be made by sending by certified mail an authenticated copy of the complaint and order to answer to the most recent address furnished by the respondent to the state

12

bar." The referee found service in accordance with SCR 22.13 was accomplished in this case.

¶41 Based upon Attorney Kelbel's failure to file an answer or appear in the proceeding, the referee recommended that she be declared to be in default. The referee found that the factual allegations of the OLR's complaint should be taken as true and proven by clear, satisfactory, and convincing evidence. The referee recommended a six-month suspension of Attorney Kelbel's Wisconsin law license, the imposition of the full costs of the proceeding, and the imposition of restitution to the Fund in the amount of $4,625.

¶42 Attorney Kelbel did not appeal from the referee's report and recommendation, so we proceed with our review of the matter pursuant to SCR 22.17(2). We review a referee's findings of fact subject to the clearly erroneous standard. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. We review the referee's conclusions of law de novo. Id. We determine the appropriate level of discipline independent of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶43 We agree with the referee that Attorney Kelbel should be declared in default. In addition, the referee properly relied on the allegations of the complaint, which were deemed admitted by Attorney Kelbel's failure to answer. We therefore agree with the referee that the factual allegations of the OLR's complaint may be taken as true and prove by clear, satisfactory,

13

and convincing evidence that Attorney Kelbel committed all of the counts of misconduct alleged in the complaint.

¶44 With respect to the appropriate level of discipline, upon careful review of the matter, we agree with the referee's recommendation for a six-month suspension of Attorney Kelbel's license to practice law in Wisconsin. Although no two disciplinary proceedings are identical, a six-month suspension is generally consistent with the sanction imposed in In re Disciplinary Proceedings Against Templin, 2016 WI 18, 367 Wis. 2d 351, 877 N.W.2d 107 (attorney's license suspended for six months for multiple counts of misconduct involving four clients. The misconduct in Templin included failing to provide competent representation to a client, failing to respond to a client's request for information, and failing to cooperate in the investigation of grievances); and In re Disciplinary Proceedings Against Hartigan 2005 WI 3, 277 Wis. 2d 341, 690 N.W.2d 831 (attorney's license suspended for six months for six counts of misconduct involving two client matters. The misconduct in Hartigan included failing to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information).

¶45 We further agree with the referee's recommendation that Attorney Kelbel be required to make restitution to the Fund in the amount of $4,625, and we agree that Attorney Kelbel should be required to pay the full costs of this proceeding.

14

¶46 IT IS ORDERED that the license of Courtney Kathleen Kelbel to practice law in Wisconsin is suspended for a period of six months, effective the date of this order.

¶47 IT IS FURTHER ORDERED that within 60 days of the date of this order, Courtney Kathleen Kelbel shall pay to the Wisconsin Lawyers' Fund for Client Protection the amount of $4,625.

¶48 IT IS FURTHER ORDERED that within 60 days of the date of this order, Courtney Kathleen Kelbel shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $1,037.25 as of July 24, 2019.

¶49 IT IS FURTHER ORDERED that, to the extent she has not already done so, Courtney Kathleen Kelbel shall comply with the provisions of SCR 22.26 concerning the duties of an attorney whose license to practice law has been suspended.

¶50 IT IS FURTHER ORDERED that the restitution specified above is to be completed prior to paying costs to the Office of Lawyer Regulation.

¶51 IT IS FURTHER ORDERED that compliance with all conditions with this order is required for reinstatement. See SCR 22.29(4).

¶52 IT IS FURTHER ORDERED that the temporary suspension of Courtney Kathleen Kelbel's Wisconsin law license imposed on October 9, 2018, is hereby lifted.